# CIRCUIT COURT OF BALTIMORE CITY

Filed May 24, 1893.

BOARD OF PARK COMMISSIONERS

VS.

FRANCES WHITE.

*Wm. S. Bryan, Jr.,* and *John E. Semmes* for appellant.

*Wm. A. Fisher* for appellee.

OPINION.

DENNIS, J.—

This is an appeal by the plaintiff from the verdict of a jury of condemnation.

The statute authorizing this Court to set aside the award for "good cause shown."

The sole question is one of facts— was the award so excessive as to justify the Court's interference; for it is attacked solely upon this ground, and unless it was excessive, it must stand.

The property condemned consisted of five and five-eighths acres of unimproved property bounded on three sides by Druid Hill Park and on the other side by the Northern Central Railway; it is situated just beyond the new Cedar avenue bridge, and opposite the Mt. Vernon Mills.

The case has been twice tried before a jury; at the first trial, the jury disagreed; at the second, they made an award of $30,100 for the property (at the rate of $3,500 per acre); and it is from this award the appeal is taken.

This last jury was engaged nine days in the hearing of the case; no irregularities in the trial or improprieties in the conduct of the jury are suggested; they were summoned before the Court on this appeal by the solicitors for the Park Commissioners, and six of them were examined as to the grounds upon which they based their verdict (the solicitor for the Park Board declining to examine the others), and the reasons they gave were fair and proper. They had thoroughly examined the premises, as well as the neighboring properties, and the relations of the one to the other; and took into consideration the present capacity of this property for improvement; they were men of standing and intelligence, and they had before them in making their award *exactly the same testimony* upon which the Court is now asked to set it aside, with the additional advantage of having the witnesses before them in person, while the Court is compelled to rely upon a stenographic report. It is submitted that, under such circumstance, this award should not be lightly set aside.

Apart from these considerations, I think the award is supported by the testimony.

There was, as usual, a great divergence in the opinions of the real estate agents and others who were examined as experts; but, even upon this branch of the testimony, I think the value of the opinions of the witnesses who testified for the defendant, taking into consideration their experience in dealing with and developing property in this immediate neighborhood and their better knowledge therefore of the situation and its capabilities of improvement equally as great as that of the experts who testified for the Park Board.

But prominent above this mass of discordant and unsatisfactory expert testimony stands one *fact*, which furnishes a better basis for a correct estimate of the value of the ground than any mere expert opinion could furnish. No better test of value can be had than the price it brings at public auction.

In this case it is shown that in 1876 this identical parcel of ground was, after due advertisement in the daily papers, exposed for sale at public auction by His Honor Mayor Latrobe, as trustee, and after active bidding was sold to the late Mr. Miles White for the sum of $22,750. His competitor in the bidding was Mr. Hooper, a *member*, and *acting on behalf of, the Park Board*, and this gentleman bid within $50.00 of the price at which it was knocked down to Mr. White.

In other words, as far back as 1876 the Park Board were willing to give,

and actually bid at public auction for the property, the sum of $22,750.00.

Now, if it was worth that sum in 1876 it is certainly worth considerably more to-day; for there is no suggestion that any change in that locality has occurred which could possibly have lessened the value of the property.

On the contrary, it is uncontradictedly shown that there has been a great rise in value in all of the adjacent property. The opening and development of Cedar avenue, the building of the new bridge across the falls, the growth and prosperity of Hampden, and the increased demand for houses for operatives in the mills, machine shops, &c., in that neighborhood, have all necessarily contribtued to the advancement in value of all property in that neighborhood; and no reason can be suggested why this particular property has not likewise been benefitted by this general development and advancement.

Taking these facts into consideration, in connection with the price at which the land actually sold at auction in 1876, I do not think the present award can be considered so excessive as to justify the Court in setting it aside, and ordering new condemnation proceedings.